United States Bankruptcy Court
Eastern District of Pennsylvania

```
In re:                                                              Case No. 13-13948-mdc
Dan J. Staehle                                                      Chapter 13
Maureen A. Staehle
       Debtors
```

## CERTIFICATE OF NOTICE

```
District/off: 0313-2          User: admin              Page 1 of 2              Date Rcvd: Nov 23, 2018
                              Form ID: 3180W           Total Noticed: 13
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 25, 2018.
```
db/jdb        +Dan J. Staehle,   Maureen A. Staehle,   2536 Stoneybrook LN.,   Drexel Hill, PA 19026-1610
13154787      +Brad J. Sadek, Esquire,   Sadek & Cooper, LLC,   1315 Walnut Street, Suite 302,
               Philadelphia, PA 19107-4705
13076209      +FIA CARD SERVICES, N.A.,   P O Box 982284,   El Paso, TX 79998-2284
13711298       Federal National Mortgage Association,   (Fannie Mae) Creditor c/o Seterus, Inc.,
               PO Box 1047 Hartford, CT 06143-1047
13160181      +JPMorgan Chase Bank, N.A.,   Attn: Correspondence Mail,   700 Kansas Lane,
               Monroe, LA 71203-4774
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            E-mail/Text: megan.harper@phila.gov Nov 23 2018 22:53:04     City of Philadelphia,
               City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
               Philadelphia, PA  19102-1595
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us Nov 23 2018 22:52:36
               Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
               Harrisburg, PA  17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Nov 23 2018 22:52:56     U.S. Attorney Office,
               c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
13067785       EDI: AIS.COM Nov 24 2018 03:53:00      American InfoSource LP as agent for,
               Midland Funding LLC,   PO Box 268941,   Oklahoma City, OK  73126-8941
13100572       EDI: PRA.COM Nov 24 2018 03:53:00      Portfolio Recovery Associates, LLC,   POB 41067,
               Norfolk VA 23541
13104681       EDI: Q3G.COM Nov 24 2018 03:53:00      Quantum3 Group LLC as agent for,   Comenity Bank,
               PO Box 788,   Kirkland, WA  98083-0788
13962786       EDI: Q3G.COM Nov 24 2018 03:53:00      Quantum3 Group LLC as agent for,   MOMA Funding LLC,
               PO Box 788,   Kirkland, WA 98083-0788
13265477      +EDI: NAVIENTFKASMSERV.COM Nov 24 2018 03:53:00     Sallie Mae,   c/o Sallie Mae Inc.,
               220 Lasley Ave,   Wilkes-Barre, PA 18706-1496
                                                                                               TOTAL: 8
```

```
              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
13994612*        Quantum3 Group LLC as agent for,   MOMA Funding LLC,   PO Box 788,   Kirkland, WA 98083-0788
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 25, 2018                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 22, 2018 at the address(es) listed below:
```
              ANDREW  SPIVACK    on behalf of Creditor    PHH MORTGAGE CORPORATION paeb@fedphe.com
              ANDREW F GORNALL    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. agornall@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              BRAD J. SADEK    on behalf of Joint Debtor Maureen A. Staehle brad@sadeklaw.com,
               bradsadek@gmail.com
              BRAD J. SADEK    on behalf of Debtor Dan J. Staehle brad@sadeklaw.com,   bradsadek@gmail.com
              CELINE P. DERKRIKORIAN    on behalf of Creditor    JP Morgan Chase Bank ecfmail@mwc-law.com
              CHRISOVALANTE FLIAKOS    on behalf of Creditor    PHH MORTGAGE CORPORATION paeb@fedphe.com
              JEROME B. BLANK    on behalf of Creditor    Federal National Mortgage Association (Fannie Mae),
               creditor c/o Seterus, Inc. paeb@fedphe.com
              JEROME B. BLANK    on behalf of Creditor    Federal National Mortgage Association paeb@fedphe.com
              JEROME B. BLANK    on behalf of Creditor    PHH MORTGAGE CORPORATION paeb@fedphe.com
              KEVIN T MCQUAIL    on behalf of Creditor    JP Morgan Chase Bank ecfmail@mwc-law.com
              MARIO J. HANYON    on behalf of Creditor    PHH Mortgage Corporation paeb@fedphe.com
              MARIO J. HANYON    on behalf of Creditor    PHH MORTGAGE CORPORATION paeb@fedphe.com
```

```
District/off: 0313-2          User: admin              Page 2 of 2              Date Rcvd: Nov 23, 2018
                              Form ID: 3180W           Total Noticed: 13
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

        MARIO J. HANYON    on behalf of Creditor    Federal National Mortgage Association et al paeb@fedphe.com
        MARIO J. HANYON    on behalf of Creditor    Federal National Mortgage Association paeb@fedphe.com
        THOMAS I. PULEO    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
        WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com, philaecf@gmail.com
        WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com

        TOTAL: 18

Case 13-13948-mdc    Doc 68    Filed 11/25/18    Entered 11/26/18 00:18:17    Desc Imaged
Certificate of Notice    Page 2 of 4

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | **Dan J. Staehle** | Social Security number or ITIN **xxx–xx–1481** |
| | First Name    Middle Name    Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Maureen A. Staehle** | Social Security number or ITIN **xxx–xx–5946** |
| | First Name    Middle Name    Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **13–13948–mdc** | |

# Order of Discharge    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Dan J. Staehle                                                Maureen A. Staehle

11/22/18                                **By the court:**    Magdeline D. Coleman
                                                                              United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**